IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GARNETT ALISON HODGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:16-CV-781 |
| v. | ) | 1:10-CR-441-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Petitioner Garnett Hodge filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 alleging that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) entitles him to relief on his 2011 convictions. (Doc. 53 at 5). Because Mr. Hodge still qualifies as an armed career criminal, the Court will deny the motion.

I.  **Procedural History**

On December 13, 2010, a grand jury returned a three-count indictment against Mr. Hodge. (Doc. 1). He pled guilty on March 21, 2011, to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See* Minute Entry 03/21/2011; Doc. 25 at 1). Pursuant to his plea agreement, the Court dismissed the remaining count. (Doc. 20 at ¶ 5.a; Doc. 25 at 1).

The Court sentenced Mr. Hodge to a total term of 204 months as an armed career criminal. (Doc. 25 at 2; Doc. 49 at ¶ 18). The Court based Mr. Hodge's armed career criminal status on two serious drug offenses - convictions in 1992 and 1993 for felony possession of cocaine with intent to distribute - and three violent felonies, all of which were convictions for misdemeanor reckless endangerment. (Doc. 49 at ¶¶ 18, 24, 27; *see* Doc. 50 at 1 (adopting the presentence report)). Mr. Hodge did not object to his classification as an armed career criminal at sentencing. (Doc. 30 at 3). In April 2012, the Fourth Circuit dismissed Mr. Hodge's appeal because Mr. Hodge had waived his right to appeal in the plea agreement. (Doc. 33; Doc. 20 at ¶ 5.d).

Mr. Hodge filed a motion to vacate under 28 U.S.C. § 2255 on June 13, 2014, (Doc. 36), which the Court dismissed as untimely. (Doc. 51 at 7). In June 2016, the Fourth Circuit granted Mr. Hodge's motion for authorization to file a successive habeas petition based on the new rule established by *Johnson*. (Doc. 52). Mr. Hodge then filed the pending motion. (Doc. 53).

A prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving one of those grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam); *White v. United States*, Nos. 3:09CV443–1–W, 3:03CR181, 2009 WL 3578956, at *3 (W.D.N.C. Oct. 26, 2009). If the motion, when viewed against the

The Court sentenced Mr. Hodge to a total term of 204 months as an armed career criminal. (Doc. 25 at 2; Doc. 49 at ¶ 18). The Court based Mr. Hodge's armed career criminal status on two serious drug offenses - convictions in 1992 and 1993 for felony possession of cocaine with intent to distribute - and three violent felonies, all of which were convictions for misdemeanor reckless endangerment. (Doc. 49 at ¶¶ 18, 24, 27; *see* Doc. 50 at 1 (adopting the presentence report)). Mr. Hodge did not object to his classification as an armed career criminal at sentencing. (Doc. 30 at 3). In April 2012, the Fourth Circuit dismissed Mr. Hodge's appeal because Mr. Hodge had waived his right to appeal in the plea agreement. (Doc. 33; Doc. 20 at ¶ 5.d).

Mr. Hodge filed a motion to vacate under 28 U.S.C. § 2255 on June 13, 2014, (Doc. 36), which the Court dismissed as untimely. (Doc. 51 at 7). In June 2016, the Fourth Circuit granted Mr. Hodge's motion for authorization to file a successive habeas petition based on the new rule established by *Johnson*. (Doc. 52). Mr. Hodge then filed the pending motion. (Doc. 53).

A prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving one of those grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam); *White v. United States*, Nos. 3:09CV443–1–W, 3:03CR181, 2009 WL 3578956, at *3 (W.D.N.C. Oct. 26, 2009). If the motion, when viewed against the

record, shows that the petitioner is not entitled to any relief, the court may summarily deny the motion. *See* 28 U.S.C. § 2255(b).

Mr. Hodge asserts that *Johnson* invalidated his sentence as an armed career criminal because his Maryland state convictions for misdemeanor reckless endangerment do not qualify as predicate offenses under the Armed Career Criminal Act (ACCA), leaving only two qualifying predicate offenses.[1] (*See* Doc. 53 at 5; Doc. 66 at 1). The government concedes that the Maryland offense of misdemeanor reckless endangerment no longer qualifies as a predicate offense, but it asserts that Mr. Hodge still qualifies as an armed career criminal because he has been convicted of three serious drug offenses. (Doc. 60 at 4-5).

The PSR included and relied on two of these drug convictions as qualifying predicate convictions—the 1992 and 1993 convictions for felony possession of cocaine with intent to distribute. (Doc. 49 at ¶¶ 18, 24, 27). As to these two convictions, there is no dispute that they are qualifying predicate convictions. The PSR also listed a third conviction for felony possession of cocaine with intent to distribute in the criminal history section, based on conduct and an arrest in 1991,[2] but the PSR did not connect this conviction to Mr. Hodge's armed career criminal status. (*Id.* at ¶¶ 18, 23; *see* Doc. 60-2).

---

[1] The Court understands this as a challenge that his sentence exceeds the statutory maximum, which appears to be permissible under both § 2255(a) and Mr. Hodge's plea agreement. (*See* Doc. 20 at ¶ 5.d). The Government has not contended otherwise. (*See* Doc. 57).

[2] Although Mr. Hodge was not sentenced for this conviction until March 1992, the Court will refer to this conviction as the "1991 conviction" or the "1991 crime" to distinguish it from the other two drug convictions.

Mr. Hodge contends that the government cannot now substitute the 1991 crime to satisfy the ACCA and that the 1991 crime does not qualify as a serious drug offense. (Doc. 66).

The Court assumes without deciding that Maryland's offense of misdemeanor reckless endangerment does not qualify as a violent felony because it lacks the deliberate and purposeful conduct required under the force clause. (*See* Doc. 57 at 4-6); *see Gooden v. United States*, Nos. 5:06-CR-313-FL, 5:16-CV-309-FL, 2016 WL 3435195, at *3 (E.D.N.C. June 17, 2016) (holding that the analogous New York offense was not a violent felony). The Court considers whether the government may rely on the 1991 crime and conviction to show that Mr. Hodge was as an armed career criminal and, if so, whether this third conviction is a serious drug offense.

## II. Conviction Substitution for ACCA Status

Mr. Hodge asserts that the government cannot establish his current status as an armed career criminal by relying on a conviction on which it did not rely during the initial sentencing proceeding. (Doc. 66 at 1-3). The Court concludes that in the circumstances of this case, the Court should consider a previous conviction included in the PSR to establish the defendant's status as an armed career criminal, even though the sentencing court did not originally consider it as such.

The Fourth Circuit has held that, on a motion to vacate, the district court should uphold a defendant's sentence as an armed career criminal, even if the sentencing court relied on offenses that no longer qualify as the basis for the enhancement, as long as the defendant still has three qualifying offenses on his record. *See United States v. Pettiford*, 612 F.3d 270, 277-78 (4th Cir. 2010). In *Pettiford*, the sentencing court appeared to

4

know that the defendant had five qualifying convictions; after two of these earlier convictions were vacated, the defendant moved to vacate his sentence as an armed career criminal. *Id.* at 278. The district court agreed, but the Fourth Circuit reversed, concluding that the original sentence was authorized by law because "three predicate convictions remained in [the defendant's] record." *Id.*; *see also United States v. Newbold*, 791 F.3d 455, 459 n.5, 460 (4th Cir. 2015) (holding that when the sentencing court relied on an offense that no longer qualifies as an ACCA predicate because of a change in the law, the district court should examine whether the defendant had other qualifying predicate convictions). In other words, the court "must look to the entirety of [the defendant's] criminal history to determine whether the ACCA was appropriately applied." *United States v. Sadm*, No. 5:08-cr-21-1, 2016 WL 5081663, at *4 (W.D. Va. Sept. 16, 2016).

The Eleventh Circuit precedent Mr. Hodge cites is distinguishable from the case at hand. The Eleventh Circuit precludes the government from substituting another conviction from the PSR in two limited scenarios, neither of which applies in this case.

First, the Eleventh Circuit has held that on direct appeal where the defendant's armed career criminal status is at issue, the government cannot rely on a conviction that it did not previously submit to the district court as grounds for the enhancement. *United States v. Petite*, 703 F.3d 1290, 1292 n.2 (11th Cir. 2013).

> The government cannot offer for the first time on appeal a new predicate conviction in support of an enhanced ACCA sentence. The argument should have been made prior to or during sentencing, allowing [the defendant] the opportunity to object and offering the sentencing court an opportunity to fairly consider the issue in the first instance.

5

*Id.* (citing *United States v. Canty*, 570 F.3d 1251, 1256-57 (11th Cir. 2009)); *see also Bryant v. Warden*, 738 F.3d 1253, 1278-79 (11th Cir. 2013) (finding that, on appeal, the government could not substitute a conviction when the district court found the defendant "had at most three qualifying predicate convictions"). This case is in a different posture; this is a motion to vacate, not a direct appeal, and Mr. Hodge did not object to armed career criminal status at his original sentencing. (*See* Doc. 30 at 3). Given this lack of objection and the fact that the listed convictions indisputably qualified Mr. Hodge as an armed career criminal under then-valid precedent, the government had no reason to identify more qualifying predicate felonies.

In a second line of cases, the Eleventh Circuit has held that it will not deny leave to file a second or successive § 2255 motion to vacate an ACCA-enhanced sentence made as a result of *Johnson* based on a contention by the government that the defendant had other qualifying predicate convictions unless it is "clear" that the defendant could not prevail. *In re Rogers*, 825 F.3d 1335, 1337-40 (11th Cir. 2016) (per curiam). *Rogers* does not help Mr. Hodge for two reasons. The Eleventh Circuit explicitly noted that its decision to grant a motion for a second petition does not bind the district court on the merits when it considers that second petition. Moreover, the *Rogers* court recognized that it was appropriate to deny a second or successive motion if it is clear from "binding on-point precedent" that the defendant has sufficient prior convictions which categorically qualify as ACCA predicates under a valid provision of the ACCA such as the serious drug offense provision. *Rogers*, 825 F.3d at 1340; *see also In re Leonard*, 655

6

F. App'x 765, 773 (11th Cir. 2016) (Martin, J., concurring).  As discussed *infra*, Mr. Hodge has three such convictions.

When considering a § 2255 motion based on *Johnson*, the court should ordinarily examine the defendant's entire criminal record to determine whether he has three qualifying convictions for an ACCA-enhanced sentence.  This is especially true when the defendant did not dispute his armed career criminal status at his original sentencing.  Otherwise, sentencing courts would have to resolve unnecessary disputes over whether a defendant has more than three qualifying offenses as the government attempts to preserve its position against potential future changes in the law.

### III.   Conviction of a Serious Drug Offense

In order to be an armed career criminal subject to the fifteen-year statutory minimum, a defendant must have three qualifying felony convictions of either violent felonies or serious drug offenses, or some combination.  18 U.S.C. § 924(e)(1).  A conviction under state law involving possession with intent to distribute a controlled substance "for which a maximum term of imprisonment of ten years or more is prescribed by law," qualifies as a serious drug offense.  § 924(e)(2)(A)(ii).  As noted *supra*, Mr. Hodge undisputedly has two such convictions—the 1992 and 1993 convictions for felony possession of cocaine with intent to distribute.  (Doc. 49 at ¶¶ 18, 24, 27).

Mr. Hodge also has a conviction for felony possession of cocaine with intent to distribute as a result of conduct in 1991.  (Doc 49 at ¶ 23; Doc. 60-2); *see* Md. Code Ann., Art. 27, § 286(a)(1) (1992).  Mr. Hodge contends that "it appears highly unlikely

7

that he could have really been exposed to the ten year ACCA requirement" for this crime, because he was only twenty years old and his "record consisted only of traffic offenses." (Doc. 66 at 3-4 (citing *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)). He does not, however, identify any law showing that his age or record reduced the maximum sentence he could receive for his Maryland conviction to below ten years.

In any event, this argument is unavailing. The Maryland statute explicitly provides that the statutory maximum for a violation of § 286(a) for possession with intent to distribute a Schedule I or II narcotic, such as cocaine, is twenty years of imprisonment. Md. Code Ann., Art. 27 §§ 277(c)(q), 279(b)(3)(a)(4), and 286(b)(1) (1992). Moreover, the Fourth Circuit has held that this crime is a serious drug offense for ACCA purposes. *See United States v. Washington*, 629 F.3d 403, 407-408 (4th Cir. 2011).

Since the government has shown that Mr. Hodge has three convictions for serious drug offenses, Mr. Hodge appropriately received an enhanced sentence as an armed career criminal. Mr. Hodge has not met his burden under § 2255 to show that his sentence exceeds the statutory maximum. *See Miller*, 261 F.2d at 547.

**IV. Conclusion**

It is **ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence, (Doc. 53), is **DENIED**.

In view of the Eleventh Circuit precedent, which provides some support for Mr. Hodge's position, a certificate of appealability shall issue on the question of whether the government can rely on a conviction not originally identified as a qualifying predicate offense for an ACCA enhancement when there is a later retroactive change in the law and

8

the defendant challenges his armed career criminal status in a § 2255 motion. Mr. Hodge is advised that notice of appeal must be timely filed in writing.

This the 29th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE